**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDS OF THE EARTH, | ) | Civ. No. 07-1572 |
| 1717 Massachusetts Avenue, N.W., 600 | ) | |
| Washington, D.C. 20036-2002 | ) | Judge Rosemary M. Collyer |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY and STEPHEN L. | ) | |
| JOHNSON, Administrator, | ) | |
| United States Environmental Protection | ) | |
| Agency, | ) | |
| Ariel Rios Building | ) | |
| 1200 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20460 | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and

STEPHEN L. JOHNSON, Administrator (collectively "EPA"), respond as follows to the

Complaint filed on September 5, 2007, by plaintiff FRIENDS OF THE EARTH ("Plaintiff").

The responses are numbered to correspond to the paragraphs in the Complaint.

**INTRODUCTION**

1.  Paragraph 1 of the Complaint constitutes Plaintiff's characterization of its lawsuit, to

which no response is required.

2.  Paragraph 2 of the Complaint contains conclusions of law, to which no response is

required.

## JURISDICTION

3.  Paragraph 3 of the Complaint contains conclusions of law, to which no response is required.

4.  The first sentence of Paragraph 4 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence of Paragraph 4 to the extent they are inconsistent with the Clean Air Act. The second, third, and fourth sentences of Paragraph 4 of the Complaint characterize a notice letter.  The notice letter speaks for itself and is the best evidence of its content.  EPA denies the allegations of the second, third, and fourth sentences of Paragraph 4 to the extent they are inconsistent with the notice letter. The fifth sentence of Paragraph 4 of the Complaint contains conclusions of law, to which no response is required.

## VENUE

5.  Paragraph 5 of the Complaint contains conclusions of law, to which no response is required.

## PARTIES

6a.  EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6a of the Complaint.  Therefore, these allegations are neither admitted nor denied.

6b.   EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6b of the Complaint.  Therefore, these allegations are neither admitted nor denied.

6c.   EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6c of the Complaint.  Therefore, these allegations are neither admitted nor denied.

6d.   EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6d of the Complaint.  Therefore, these allegations are neither admitted nor denied.

6e.   The first and second sentences of Paragraph 6e of the Complaint characterize a report, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of the first and second sentences of Paragraph 6e to the extent they are inconsistent with the report.  The third, fourth, and fifth sentences of Paragraph 6e characterize a conference.  EPA admits that the conference occurred and that there were federal sponsors, including EPA. However, EPA can neither admit nor deny the Plaintiff's statement of opinion about the conference in the fifth sentence of Paragraph 6e of the Complaint.

6f.   Paragraph 6f of the Complaint contains conclusions of law, to which no response is required.  To the extent these allegations could be deemed factual, EPA lacks sufficient information to form a belief to the truth or falsity of the in Paragraph 6f of the Complaint. Therefore, these allegations are neither admitted nor denied.

6g.   EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6g of the Complaint.  Therefore, these allegations are neither admitted nor denied.

6h.   EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 6h of the Complaint.  Therefore, these allegations are neither admitted

nor denied.

7.  The first sentence of Paragraph 7 of the Complaint characterizes an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of the first sentence of Paragraph 7 to the extent they are inconsistent with the Clean Air Act.  The second sentence of Paragraph 7 of the Complaint contains conclusions of law, to which no response is required.

8.  Paragraph 8 of the Complaint contains conclusions of law, to which no response is required.  EPA admits that STEPHEN L. JOHNSON is the Administrator of EPA.

## BACKGROUND

**Emissions from Category 3 Marine Diesel Engines**

9.  The allegations in Paragraph 9 of the Complaint purport to characterize a notice from the Federal Register.  The Federal Register notice speaks for itself and is the best evidence of its content. EPA denies the allegations of Paragraph 9 to the extent they are inconsistent with the Federal Register notice.

10.  EPA admits the allegations in Paragraph 10 of the Complaint.

11.  EPA admits the allegations in Paragraph 11 of the Complaint.

12.  EPA admits the allegations in Paragraph 12 of the Complaint.

13.  EPA admits the allegations in Paragraph 13 of the Complaint.

**Statutory Context**

14.  Paragraph 14 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the

allegations of Paragraph 14 to the extent they are inconsistent with the Clean Air Act.

15.  Paragraph 15 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of Paragraph 15 to the extent they are inconsistent with the Clean Air Act.

16.  Paragraph 16 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of Paragraph 16 to the extent they are inconsistent with the Clean Air Act.

17.  Paragraph 17 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of Paragraph 17 to the extent they are inconsistent with the Clean Air Act.

**History of EPA's Marine Diesel Engine Emissions Rule**

18.  EPA admits that it completed a study titled *Nonroad Engine and Vehicle Emission Study Report* in November 1991.

19.  Paragraph 19 of the Complaint purports to describe the contents of a notice in the Federal Register.  The Federal Register notice speaks for itself is the best evidence of its content. EPA denies the allegations of Paragraph 19 to the extent they are inconsistent with the Federal Register notice.  EPA denies that the determination was for Category 3 engines and notes that the determination was for nonroad engines as a whole, of which Category 3 marine diesel engines are a part,  and that EPA subsequently set standards for those classes or categories of nonroad engines that cause or contribute to such air pollution.

20.  Paragraph 20 of the Complaint purports to describe the contents of a notice in the Federal Register.  The Federal Register notice speaks for itself is the best evidence of its content.

EPA denies the allegations of Paragraph 20 to the extent they are inconsistent with the Federal Register notice.

21. EPA admits the first sentence of Paragraph 21 of the Complaint. The second sentence of Paragraph 21 of the Complaint purports to describe the contents of a settlement. The settlement document speaks for itself and is the best evidence of its content. EPA denies the allegations of the second sentence of Paragraph 21 to the extent they are inconsistent with the settlement document.

22. Paragraph 22 of the Complaint purports to describe the contents of a federal regulation. The regulation speaks for itself and is the best evidence of its content. EPA denies the allegations of Paragraph 22 to the extent they are inconsistent with the regulation.

23. EPA admits the first sentence of Paragraph 23 of the Complaint. The remaining allegations in Paragraph 23 of the Complaint purport to describe the contents of a court decision. The court's opinion speaks for itself and is the best evidence of its content. EPA denies that the court did not reach the merits of Bluewater Network's arguments in Bluewater Network v. EPA, 372 F.3d 404 (D.C. Cir. 2004), and to the extent the remaining allegations of Paragraph 23 are inconsistent with the opinion, EPA denies those allegations.

24. EPA admits the allegations in the first sentence of Paragraph 24 of the Complaint. EPA admits that on April 27, 2007, it issued a proposed rule to extend the deadline for issuing the next tier of Category 3 marine engine emissions standards until December 17, 2009.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Alleged Violations of Clean Air Act Section 213(a)(3)**

25.  EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

26.  The first sentence of Paragraph 26 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence of Paragraph 26 to the extent they are inconsistent with the Clean Air Act.  The second and third sentences of Paragraph 26 of the Complaint contain conclusions of law, to which no response is required.

27.  The allegations in Paragraph 27 of the Complaint contain conclusions of law, to which no response is required.

## SECOND CLAIM FOR RELIEF

**Alleged Violations of Administrative Procedure Act**

28.  EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

29.  Paragraph 29 of the Complaint contains conclusions of law, to which no response is required.  EPA denies that it failed to promulgate standards; it did promulgate standards in 2003.

## PRAYER FOR RELIEF

Plaintiff's Complaint has a prayer for relief requesting various forms of relief.  To the extent a response is required, the United States denies that Plaintiff is entitled to the requested relief or to any other judgment or relief in its favor.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding

paragraphs, the United States hereby denies such allegations.

<div style="margin-left:40%">

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ EILEEN MCDONOUGH
Eileen McDonough, Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

</div>

Dated: November 16, 2007

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing ("ECF") System of this Court, which will send notification of such filing to the following attorneys of record who have registered ECF email addresses with this Court: James S. Pew and Michael R. Sherwood.  I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

       Sarah Helen Burt
       Earthjustice
       426 17 Street
       6th Floor
       Oakland, CA 94612
       (510) 550-6755

                          /s/ EILEEN MCDONOUGH
                          Eileen McDonough

9