**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDS OF THE EARTH,<br>1717 Massachusetts Avenue, N.W., 600<br>Washington, DC  20036-2002<br><br>　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY and STEPHEN L.<br>JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>　　　　Defendants. | )<br>)<br>)<br>) Case No. 1:07-cv-01572 (RMC)<br>)<br>) Judge Rosemary M. Collyer<br>)<br>)<br>)<br>) JOINT SCHEDULING CONFERENCE<br>) REPORT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2000, and Fed. R. Civ. P 26(f), as amended effective December 1, 2000, counsel for Plaintiff Friends of the Earth and counsel for Defendants the United States Environmental Protection Agency and Stephen L. Johnson, Administrator of the U.S. Environmental Protection Agency (collectively "EPA"), conferred by telephone on December 11, 2007 in advance of the initial scheduling conference set by the Court for January 3, 2008.  At the conference the parties discussed the matters listed in the Court's Order and in LCvR 16.3(c) and agree as set forth herein.  As required by the Court's November 23, 2007 Order for Initial Scheduling Conference, the Parties hereby also submit a statement of the case.

**STATEMENT OF THE CASE AND
STATUTORY BASIS FOR CLAIMS AND DEFENSES**

　　　　This deadline suit is brought by Plaintiff Friends of the Earth against EPA under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* ("the Act"), and the Administrative Procedure Act, 5

U.S.C. §§ 701 *et seq.* ("APA").  Plaintiff seeks to compel EPA to promulgate regulations containing standards applicable to emissions from Category 3 marine diesel engines — those used to propel large ocean-going vessels — as required by section 213(a) of the Act,  42 U.S.C. § 7547(a), and regulations promulgated thereunder.

Sections 213(a)(1) and (2) of the Act require EPA to conduct a study and make a determination whether emissions from "new and existing nonroad engines or nonroad vehicles" are "significant contributors" to air pollution in areas with air quality problems.  42 U.S.C. § 7547(a)(1) and (2).  In 1994 EPA made a determination that emissions of carbon monoxide, oxides of nitrogen, and volatile organic compounds from nonroad engines, including marine diesel engines, "are significant contributors to ozone or carbon monoxide concentrations" in areas that do not meet federal air quality standards ("nonattainment areas"), 59 Fed. Reg. 31306, 31307 (June 17, 1994).  Section 213(a)(3) of the Act states that "[i]f the Administrator makes an affirmative determination" under section 213(a)(2), "the Administrator shall, within 12 months after completion of the study in paragraph (1), promulgate (and from time to time revise) regulations containing standards applicable to emissions from those classes or categories of new nonroad engines and new nonroad vehicles . . . which in the Administrator's judgment cause, or contribute to, such air pollution."  42 U.S.C. § 7547(a)(3).  The emissions standards must "achieve the greatest degree of emission reduction achievable through the application of technology which the Administrator determines will be available for the engines or vehicles to which such standards apply, giving appropriate consideration to the cost of applying such technology within the period of time available to manufacturers and to noise, energy, and safety factors associated with the application of such technology."  42 U.S.C. § 7547(a)(3).  Plaintiff claims that since EPA made the determination required by Section 213(a)(1) in June 1994, section 213(a)(3) required EPA to promulgate regulations meeting the requirements of the CAA

2

by June 1995, and that due to EPA's failure to issue Tier 2 regulations by the April 2007 deadline, they have failed to do so. Defendants contend that EPA is in compliance with section 213(a).

On February 28, 2003, EPA promulgated a rule adopting a "two-tier" approach for setting emissions standards for Category 3 marine diesel engines. 68 Fed. Reg. 9746 (Feb. 28, 2003) (the "2003 Rule"). EPA's "Tier 1" standards are equivalent to the internationally negotiated NOx emissions standards established by the International Marine Organization in Annex VI to the International Convention on the Prevention of Pollution from Ships, as Modified by the Protocol of 1978 Relating Thereto (MARPOL Annex VI). EPA's Tier 1 standards went into effect beginning January 2004. The "Tier 2" standards were to be developed in a future rulemaking, which EPA committed to complete no later than April 27, 2007. For the "Tier 2" rulemaking, EPA committed to "promulgate additional engine controls that EPA determines are appropriate … and [to] consider application of these standards to engines on foreign vessels that enter U.S. ports" (68 FR 9762). EPA's commitment to take action by April 27, 2007 was codified at 40 C.F.R. § 94.8(a)(2)(ii). The D.C. Circuit upheld EPA's two-tiered approach as consistent with section 213(a) of the Act in *Bluewater Network v. EPA*, 372 F.3d 404, 412 (D.C. Cir. 2004). As part of its rationale the court stated, "[f]inally, and perhaps most importantly, the EPA has committed to incorporating the new technologies into stricter emissions standards in the 2007 rulemaking." *Bluewater Network*, 372 F.3d at 412.

EPA failed to promulgate a new final rule for Category 3 marine engines on April 27, 2007. Instead, on December 5, 2007, EPA promulgated a rule extending the regulatory deadline for setting more stringent standards for Category 3 marine diesel engines to December 17, 2009. 72 Fed. Reg. 68518 (Dec. 5, 2007).

Plaintiff contends that this violates both the CAA and the APA and seeks an order compelling EPA to promulgate a final rule forthwith. Plaintiff further contends that EPA's extension of the regulatory deadline until December 2009 does not cure their failure to meet the April 27, 2007 regulatory deadline for promulgation of Tier 2 standards. Defendants contend that Plaintiffs have failed to state a claim upon which this Court may grant relief, that review of the reasonableness of EPA's December 5, 2007 modification of the regulatory deadline lies with the D.C. Circuit, and that the case should be dismissed.

### REPORT ON LOCAL RULE 16.3(c) CONFERENCE

1. <u>Whether the Case is Likely to Be Disposed of by Motion</u>: The parties agree that it is likely that the case can be resolved by dispositive motions, but the parties do not agree on a briefing schedule. Because time is of the utmost importance in resolution of this missed deadline suit, Plaintiffs propose that the parties file dispositive motions on February 1, 2008; opposition to such motions shall be filed on March 3, 2008; replies shall be filed on April 2, 2008; and a hearing on the dispositive motions shall be held thereafter at the Court's earliest convenience. Defendants intend to file a motion to dismiss for failure to state a claim upon which relief can be granted. In the interest of preserving judicial and governmental resources, Defendants propose that the Court rule on the jurisdictional issue prior to any potentially needless briefing on the merits. Pursuant to LCvR 16.3(d), the parties are submitting alternative proposed orders reflecting this disagreement with regard to the briefing schedule.

2. a). <u>Date by Which Other Parties Shall Be Joined</u>: The parties are not aware of any other parties to be joined.

  b). <u>Whether Factual and Legal Issues Can Be Agreed Upon</u>: The parties agree that some factual and legal issues may be agreed upon and note that, pursuant to LCvR 7(h),

4

with each motion for summary judgment or opposition to such motion the parties shall submit a statement of material facts as to which there is no genuine issue.

      3.     <u>Whether the Case Should Be Assigned to a Magistrate Judge</u>:  The parties agree that the case should not be assigned to a magistrate judge.

      4.     <u>Possibility of Settlement</u>:  Although tentative settlement options were discussed, at the present time the parties have not reached agreement on settling the case.

      5.     <u>Whether the Case Could Benefit From ADR Procedures</u>:  In light of the time-sensitive nature of this case, the parties agree that the case would not benefit from the Court's alternative dispute resolution procedures.

      6.     <u>Whether the Case Can Be Resolved by Summary Judgment or Motion to Dismiss</u>: The parties believe so.  See No. 1 above.

      7, 8, 9.  <u>Discovery Matters</u>:  Because this case is likely to be decided upon the administrative record, the parties agree that discovery is not necessary at this time, and stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

      10.  <u>Class Actions</u>:  Not Applicable.

      11.  <u>Bifurcation</u>:  The parties agree that bifurcation is not necessary.

      12, 13.  <u>Pretrial Conference and Trial Date</u>:  Because the parties agree that the case can be resolved on dispositive motions, discussion of trial management is inapplicable at this time.

      14.  <u>Other Matters</u>:  The parties discussed the possible consolidation of this case with a similar case filed by the South Coast Air Quality Management District on September 28, 2007, *South Coast Air Quality Management District v. Johnson et. al.,* Case No. 1:07-cv-01744 (RMC).  On December 20, 2007 EPA filed an unopposed motion for consolidation, noting the conditions of the consolidation and the agreement of the plaintiffs in *Friends of the Earth* and *South Coast*.  The Court granted the motion on December 21, 2007 without adopting the

conditions on consolidation.  Defendants also note that on October 22, 2007, EPA received from the County of Santa Barbara a notice of intent to sue for failure to set emissions standards for Category 3 marine diesel engines.  The County of Santa Barbara may file suit after December 22, 2007 and, if they do so, the issue of consolidation of that case with this case may arise.

Respectfully submitted,

/s/ Sarah H. Burt
SARAH H. BURT, *Pro Hac Vice Applicant*
MICHAEL R. SHERWOOD, *Pro Hac Vice Applicant*
Earthjustice
426 17th Street, 6th Floor
Oakland, CA  94612
Tel: (510) 550-6700
Fax: (510) 550-6740


/s/ James S. Pew (approved on 12/27/2007)
JAMES S. PEW (D.C. Bar 448830)
Earthjustice
1625 Massachusetts Ave., N.W., Suite 702
Washington, DC 20036-2212
Tel: (202) 667-4500
Fax: (202) 667-2356

Attorneys for Plaintiff Friends of the Earth



/s/ Eileen T. McDonough (approved 12/27/2007)
EILEEN T. McDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

Attorney for Defendants

DATED:  December 27, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH,<br>1717 Massachusetts Avenue, N.W., 600<br>Washington, DC 20036-2002<br><br>   Plaintiff,<br>   v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY and STEPHEN L.<br>JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>   Defendants. | )<br>)<br>)<br>) Case No. 1:07-cv-01572 (RMC)<br>)<br>) Judge Rosemary M. Collyer<br>)<br>)<br>) ALTERNATIVE PROPOSED<br>) SCHEDULING ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of the alternative schedules proposed by Plaintiffs and Defendants, it is hereby

ORDERED that the deadline for the parties to file dispositive motions is February 1, 2008; and it is

FURTHER ORDERED that opposition to such motions shall be filed no later than March 3, 2008; and it is

FURTHER ORDERED that replies to such opposition shall be filed no later than April 2, 2008.

SO ORDERED.


Dated: _____        _____
                                                                ROSEMARY M. COLLYER
                                                                United States District Judge

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH,<br>1717 Massachusetts Avenue, N.W., 600<br>Washington, DC  20036-2002<br><br>          Plaintiff,<br>     v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY and STEPHEN L.<br>JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>          Defendants. | )<br>)<br>)<br>)  Case No. 1:07-cv-01572 (RMC)<br>)<br>)  Judge Rosemary M. Collyer<br>)<br>)<br>)<br>)  ALTERNATIVE PROPOSED<br>)  SCHEDULING ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of the alternative schedules proposed by Plaintiffs and Defendants, it is this ___ day of _____ 2007, hereby

ORDERED that the deadline for Defendants to file a Motion to Dismiss for failure to state a claim is January 21, 2008; and it is

FURTHER ORDERED that Plaintiffs shall file opposition to Defendants' Motion to Dismiss no later than February 20, 2008; and it is

FURTHER ORDERED that the deadline for Defendants to file a reply to Plaintiff's opposition is March 21, 2008.

SO ORDERED.


Dated: _____          _____

                                                                 ROSEMARY M. COLLYER
                                                                 United States District Judge