UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH, *et al.*,

        Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et al.*,

        Defendants.

Civil Action No. 07-1572 (RMC)
(consolidated with 07-1744)

Judge Rosemary M. Collyer

## LOCAL RULE 16.3(d) JOINT REPORT TO THE COURT BY PLAINTIFF SCAQMD AND DEFENDANT EPA

### INTRODUCTION

Plaintiff South Coast Air Quality Management District ("SCAQMD") is the regional agency responsible for comprehensive air pollution control in the area surrounding Los Angeles, California, and consisting of all of Orange County, and the non-desert portions of Los Angeles, Riverside, and San Bernardino Counties, as well as the Palm Springs area. The defendants are the United States Environmental Protection Agency and its Administrator, Stephen L. Johnson (collectively referred to as "EPA"). SCAQMD needs emission reductions from large ocean-going marine vessels in order to attain the national ambient air quality standards for ozone and particulate matter as required by the Clean Air Act.

Following 60 days notice to EPA as specified by the Clean Air Act, SCAQMD filed this lawsuit on September 28, 2007, seeking an order compelling EPA to perform a nondiscretionary

duty under the Clean Air Act (CAA) as authorized by §304(a)(2) of the CAA, 42 U.S.C. §7604(a)(2), and to compel agency action unlawfully withheld under the Administrative Procedure Act, 5 U.S.C. §706(1). (Case 1:07-cv-01744). SCAQMD also filed a Notice of Related Case, relative to Friends of the Earth v United States Environmental Protection Agency, Case 1:07-cv-01572. On December 21, 2007 this Court granted EPA's unopposed motion to consolidate the two cases and ordered that the Initial Scheduling Conference for the consolidated cases was to be held at 10:15 a.m. on January 10, 2008.

Plaintiff SCAQMD and Defendant EPA conducted their Local Rule 16.3(d) conference on December 17, 2007, and hereby file their Joint Report as required by that Rule.

**STATEMENT OF THE CASE AND STATUTORY BASIS FOR CLAIMS AND DEFENSES**

Per the Court's Order on December 4, 2007, the parties will file no later than 72 hours prior to the Initial Scheduling Conference, a supplemental pleading with a brief statement of the case and the statutory basis for all causes of action and defenses.

**MATTERS DISCISSED BY THE PARTIES**

1.   (LCvR 16.3(c)(1)) [Whether the Case is Likely to Be Disposed of by Motion] The parties believe this case can be resolved by dispositive motion.

2.   (LCvR 16.3(c)(2) [Date for Joining Parties or Amending Pleadings] The parties do not foresee a need to join any parties or amend the pleadings. The parties agree that some or all of the factual and legal issues can be agreed upon or narrowed.

3. (LCvR 16.3(c)(3) [Whether the Case Should Be Assigned to Magistrate Judge] The parties do not believe that the case should be assigned to a magistrate judge.

4. (LCvR 16.3(c)(4) [Settlement Possibilities] The parties have discussed the possibility of settlement. While they have been unable to reach agreement thus far, and it appears settlement is unlikely, they have not ruled out the possibility of settling.

5. (LCvR 16.3(c)(5) [Suitability of Case for Alternative Dispute Resolution] At this time, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

6. (LCvR 16.3(c)(6) [Whether Case Can Be Resolved By Dispositive Motion] The parties believe the case can be resolved by dispositive motion. Defendants are preparing a motion to dismiss. Plaintiff SCAQMD anticipates moving for summary judgment. The parties do not agree as to the timing for their respective motions and accordingly submit separate proposed orders.

Plaintiff SCAQMD submits that the Court should order cross-motions to be filed and briefed by both parties on the following schedule:

        Moving papers:        February 1, 2008

        Responding papers:    March 4, 2008

        Reply papers:         April 3, 2008

(Plaintiff requests March 4 rather than March 3 to file its response because plaintiff SCAQMD works a 4/10 work week and is closed on Mondays)

Plaintiff will request a hearing as soon as reasonably practicable, pursuant to Local Rule 7(f), due to the nature of plaintiff's claim, which seeks an order compelling EPA to promulgate its marine vessels rules for large ocean-going ships as quickly as possible.

Defendants intend to file a motion to dismiss for failure to state a claim upon which relief can be granted. In the interest of preserving judicial and governmental resources, Defendants propose that the Court rule on the jurisdictional issue prior to any potentially needless briefing on

the merits. Defendants propose the following briefing schedule: Defendants file a motion to dismiss by January 21, 2008; Plaintiffs file opposition to such motion by February 20, 2008; and Defendants file a reply by March 21, 2008.

Should EPA's motion to dismiss be denied, EPA further submits that the parties should file and brief their respective motions for summary judgment as follows:

> Plaintiffs Friends of the Earth and SCAQMD moving papers: Filed after decision on motion to dismiss
>
> Defendants' combined response and cross-motion[1]:    30 days later
>
> Plaintiffs' combined response and reply[2]:    30 days later
>
> Defendants' reply:    30 days later

Plaintiff SCAQMD has two objections to EPA's proposal. First, plaintiff SCAQMD desires a decision on its summary judgment motion as early as possible. Plaintiff's case challenges EPA's delay in promulgating rules for large ocean-going ships. If forced to wait until after decision on a motion to dismiss, SCAQMD likely could not file its summary judgment motion until late April at the earliest. Under EPA's staggered motion briefing schedule, briefing would not conclude until late July, with a decision not likely before August. If a court order compelling EPA to act as quickly as possible is not issued until August at the earliest, EPA may argue that it cannot act significantly more quickly than its desired deadline of December 2009. It is vital for EPA to act as quickly as possible to establish regulations because a great many ships are currently on order and if EPA's rules are not in place, the ships will be built without complying. As a result, feasible emission reductions will not occur, and human health impacts of ship pollution would continue unabated.

---

[1] Defendants request that they only be required to file one combined response to any individual dispositive motions by either plaintiff, Friends of the Earth or SCAQMD.
[2] Defendants do not object to plaintiffs filing individual, separate briefs as long as Defendants may file one consolidated response document.

Plaintiff SCAQMD further objects to EPA's proposed "staggered" briefing schedule ending with EPA's reply because the issues in the parties' respective motions are likely to overlap, and such a schedule would inappropriately allow EPA the opportunity to in effect respond to SCAQMD's reply. Defendants believe that staggered briefing is most appropriate because it results in both fewer and more focused briefs.

7. (LCvR 16.3(7) [Initial Disclosures]    Because this case is likely to be decided upon the administrative record, the parties agree that discovery is not necessary at this time, and stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8. (LCvR 16.3(c)(8) [Discovery]    The parties agree that discovery is not necessary at this time. Discovery may be necessary if the dispositive motions are not granted, at which time a discovery schedule can be discussed.

9. (LCvR 16.3(c)(9) [Expert Witnesses]    The potential need for trial experts is more appropriately evaluated if the dispositive motions are not granted.

10. (LCvR 16.3(c)(10) [Class Actions]    This is not a class action.

11. (LCvR 16.3(c)(11) [Bifurcation]    No bifurcation or phasing of the case is necessary.

12. (LCvR 16.3(c)(12) [Pretrial Conference}    The parties agree that, because this case can be resolved by dispositive motion, a pretrial conference is unlikely to be necessary. An initial scheduling conference is to be held on January 10, 2008, by Order dated December 4, 2007.

13.     (LCvR 16.3(c)(13) [Trial Date]     The parties agree that, because the case can likely be resolved by dispositive motion, a trial date is unlikely to be necessary, and should not be scheduled until after dispositive motions..

        Respectfully submitted,

        KURT R. WIESE, District Counsel
        BARBARA BAIRD, Principal Deputy District Counsel


By_____/s/_____
    BARBARA BAIRD, Pro Hac Vice
    SOUTH COAST AIR QUALITY
     MANAGEMENT DISTRICT
    21865 Copley Drive
    Diamond Bar, CA  91765-0940
    Tel: (909) 396-3535
    Fax:  (909) 396-2961

Attorneys for Plaintiff
South Coast Air Quality Management District



_____/s/_____

EILEEN T. McDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, *et al.*,<br><br>   Plaintiff,<br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY, *et al.*,<br><br>   Defendants. | Civil Action No. 07-1572 (RMC)<br>(consolidated with 07-1744)<br><br>Judge Rosemary M. Collyer |

**PROPOSED ORDER OF PLAINTIFF
<u>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT</u>**

Following the Initial Scheduling Conference held in this matter on January 10, 2008, the Court hereby ORDERS that the proceedings on the Cross-motions to Dismiss by Defendant and for Summary Judgment by Plaintiff South Coast Air Quality Management District take place in accordance with the following schedule:

  Moving Papers:   February 1, 2008

  Responding Papers:  March 4, 2008

  Reply Papers:   April 3, 2008


  Date: _____   _____
                  The Honorable Rosemary M. Collyer
                  United States District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, *et al.*, <br><br>  Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and STEPHEN L. JOHNSON, <br><br>  Defendants. | ) 1:07-cv-01572 <br> ) (consolidated with 1:07-cv-01744) <br> ) <br> ) Judge Rosemary M. Collyer <br> ) <br> ) <br> ) <br> ) <br> ) DEFENDANTS' ALTERNATIVE <br> ) PROPOSED SCHEDULING <br> ) ORDER <br> ) |

## **DEFENDANTS' PROPOSED SCHEDULING ORDER**

Upon consideration of the alternative schedules proposed by Plaintiffs and Defendants, it is this ___ day of _____ 2007, hereby

ORDERED that the deadline for Defendants to file a Motion to Dismiss for failure to state a claim is January 21, 2008; and it is

FURTHER ORDERED that Plaintiffs shall file opposition to Defendants' Motion to Dismiss no later than February 20, 2008; and it is

FURTHER ORDERED that the deadline for Defendants to file a reply to Plaintiff's opposition is March 21, 2008.

SO ORDERED.

_____
ROSEMARY M. COLLYER
United States District Judge

Dated: _____

1