UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br><br>        Plaintiff,<br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>        Defendants. | Case No. 1:07-cv-01572 (RMC)<br>(consolidated with 1:07-cv-01744 (RMC))<br><br>Judge Rosemary M. Collyer<br><br>JOINT STATEMENT OF THE CASE |

**JOINT STATEMENT OF THE CASE AND
STATUTORY BASIS FOR CLAIMS AND DEFENSES
submitted by
PLAINTIFF SCAQMD AND DEFENDANT EPA**

As required by the Court's December 4, 2007 Order for Initial Scheduling Conference, the parties submit the following brief statement of the case and the statutory basis for all causes of action and defenses.

This deadline suit is brought by Plaintiff South Coast Air Quality Management District ("SCAQMD") against the United Statements Environmental Protection Agency and its Administrator, Stephen L. Johnson, (collectively "EPA") under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* ("the Act"), and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"). Plaintiff seeks to compel EPA to promulgate regulations containing standards applicable to emissions from Category 3 marine diesel engines — those used to propel large ocean-going vessels — as required by section 213(a) of the Act, 42 U.S.C. § 7547(a), and regulations promulgated thereunder.

Sections 213(a)(1) and (2) of the Act require EPA to conduct a study and make a determination whether emissions from "new and existing nonroad engines or nonroad vehicles" are "significant contributors" to air pollution in areas with air quality problems. 42 U.S.C. § 7547(a)(1) and (2). In 1994 EPA made a determination that emissions of carbon monoxide, oxides of nitrogen, and volatile organic compounds from nonroad engines, including marine diesel engines, "are significant contributors to ozone or carbon monoxide concentrations" in areas that do not meet federal air quality standards ("nonattainment areas"), 59 Fed. Reg. 31306, 31307 (June 17, 1994). Section 213(a)(3) of the Act states that "[i]f the Administrator makes an affirmative determination" under section 213(a)(2), "the Administrator shall, within 12 months after completion of the study in paragraph (1), promulgate (and from time to time revise) regulations containing standards applicable to emissions from those classes or categories of new nonroad engines and new nonroad vehicles . . . which in the Administrator's judgment cause, or contribute to, such air pollution." 42 U.S.C. § 7547(a)(3). The emissions standards must "achieve the greatest degree of emission reduction achievable through the application of technology which the Administrator determines will be available for the engines or vehicles to which such standards apply, giving appropriate consideration to the cost of applying such technology within the period of time available to manufacturers and to noise, energy, and safety factors associated with the application of such technology." 42 U.S.C. § 7547(a)(3). Plaintiff claims that since EPA made the determination required by Section 213(a)(1) in June 1994, section 213(a)(3) required EPA to promulgate regulations meeting the requirements of the CAA by June 1995, and that due to EPA's failure to issue Tier 2 regulations by the April 2007 deadline, they have failed to do so. Defendants contend that EPA is in compliance with section 213(a).

On February 28, 2003, EPA promulgated a rule adopting a "two-tier" approach for setting emissions standards for Category 3 marine diesel engines. 68 Fed. Reg. 9746 (Feb. 28, 2003) (the "2003 Rule"). EPA's "Tier 1" standards are equivalent to the internationally negotiated NOx emissions standards established by the International Marine Organization in Annex VI to the International Convention on the Prevention of Pollution from Ships, as Modified by the Protocol of 1978 Relating Thereto (MARPOL Annex VI). EPA's Tier 1 standards went into effect beginning January 2004. The "Tier 2" standards were to be developed in a future rulemaking, which EPA committed to complete no later than April 27, 2007. For the "Tier 2" rulemaking, EPA committed to "promulgate additional engine controls that EPA determines are appropriate … and [to] consider application of these standards to engines on foreign vessels that enter U.S. ports" (68 FR 9762). EPA's commitment to take action by April 27, 2007 was codified at 40 C.F.R. § 94.8(a)(2)(ii). The D.C. Circuit upheld EPA's two-tiered approach as consistent with section 213(a) of the Act in *Bluewater Network v. EPA*, 372 F.3d 404, 412 (D.C. Cir. 2004). As part of its rationale the court stated, "[f]inally, and perhaps most importantly, the EPA has committed to incorporating the new technologies into stricter emissions standards in the 2007 rulemaking." *Bluewater Network*, 372 F.3d at 412.

EPA failed to promulgate a new final rule for Category 3 marine engines on April 27, 2007. Instead, on December 5, 2007, EPA promulgated a rule extending the regulatory deadline for setting more stringent standards for Category 3 marine diesel engines to December 17, 2009. 72 Fed. Reg. 68518 (Dec. 5, 2007).

Plaintiff contends that this violates both the CAA and the APA and seeks an order compelling EPA to promulgate a final rule forthwith. Plaintiff contends that this failure to promulgate a rule constitutes violation of a nondiscretionary duty under Clean Air Act §213 and 40 C.F.R.§94.8(a)(2)(ii) as promulgated in 2003. Such violation of a nondiscretionary duty

renders EPA subject to suit under CAA §304(a)(2), 42 U.S.C. §7604(a)(2) and the Administrative Procedure Act, 5 U.S.C. §706(1) for agency action unlawfully withheld.  Plaintiff further contends that EPA's extension of the regulatory deadline until December 2009 does not cure their failure to meet the April 27, 2007 regulatory deadline for promulgation of Tier 2 standards.  Defendants contend that Plaintiffs have failed to state a claim upon which this Court may grant relief, that review of the reasonableness of EPA's December 5, 2007 modification of the regulatory deadline lies with the D.C. Circuit, and that the case should be dismissed.

Respectfully submitted,

        KURT R. WIESE, District Counsel
        BARBARA BAIRD, Principal Deputy District Counsel

By_____/s/_____

    BARBARA BAIRD, Pro Hac Vice
    SOUTH COAST AIR QUALITY
     MANAGEMENT DISTRICT
    21865 Copley Drive
    Diamond Bar, CA  91765-0940
    Tel: (909) 396-3535
    Fax:  (909) 396-2961

Attorneys for Plaintiff
South Coast Air Quality Management District

_____/s/_____
EILEEN T. McDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

Attorney for Defendants

DATED:  January 4, 2008