**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDS OF THE EARTH, *et al.*, | ) | Civ. No. 07-1572 |
| | ) | (consolidated with 07-1744) |
| Plaintiffs, | ) | (consolidated with 07-2319) |
| | ) | |
| v. | ) | Judge Rosemary M. Collyer |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**EPA's MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO DISMISS,
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 12(c), and for the reasons explained below,

Defendants United States Environmental Protection Agency and Stephen L. Johnson,

Administrator, United States Environmental Protection Agency (collectively "EPA") hereby

move this Court for judgment on the pleadings as to plaintiffs Friends of the Earth and South

Coast Air Quality Management District.  Pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6), and for the reasons explained below, EPA moves to dismiss the complaint of

plaintiff Santa Barbara County Air Pollution Control District.  Each of the plaintiffs seeks to

force EPA to take action that EPA is not legally required to take.

**INTRODUCTION**

Plaintiffs Friends of the Earth, South Coast Air Quality Management District, and Santa

Barbara County Air Pollution Control District (collectively "Plaintiffs") individually filed

complaints[1] alleging that EPA has failed to carry out a nondiscretionary duty to promulgate

regulations containing standards applicable to emissions from Category 3 marine diesel engines

under Clean Air Act ("CAA") section 213(a), 42 U.S.C. § 7547(a), and the Administrative

Procedure Act, 5 U.S.C. §§ 701 - 706 ("APA").  EPA timely filed an answer to Friends of the

Earth's complaint on November 16, 2007 and to South Coast Air Quality Management District's

complaint on December 3, 2007.  After finding that the cases shared common issues of law and

fact, on December 21, 2007 the Court granted EPA's unopposed motion and consolidated the

actions for Friends of the Earth and South Coast Air Quality Management District.  On

December 26, 2007, Santa Barbara County Air Pollution Control District filed a related

complaint, to which EPA is responding with the instant Motion to Dismiss.  On January 4, 2008,

the Court granted EPA's unopposed motion and consolidated the three cases.  All three plaintiffs

assert the same two causes of action, which EPA requests this court to dismiss.

Plaintiffs' first cause of action under the citizen suit provision of the CAA, section

304(a)(2), 42 U.S.C. § 7604(a)(2), should be dismissed for failure to state a claim upon which

relief can be granted and for lack of subject matter jurisdiction.  Plaintiffs allege that EPA has

failed to promulgate regulations establishing emission standards for marine diesel engines.

However, EPA has met that obligation; EPA promulgated emission standards for these engines

in a rule in 2003 and the D.C. Circuit reviewed and upheld that rule as consistent with section

213(a)(3) of the CAA.  Bluewater Network v. EPA, 372 F.3d 404, 412 (D.C. Cir. 2004).

Further, after Plaintiffs filed their complaints, EPA promulgated a regulation establishing a new

---

[1]  Friends of the Earth filed on September 5, 2007; South Coast Air Quality Management
District filed on September 28, 2007; and Santa Barbara County Air Pollution Control District

deadline for the agency to issue emission standards.  EPA has not missed the revised deadline, so

there is no relief this Court can provide.  To the extent that Plaintiffs do not agree with the new

timeline for rulemaking, they are challenging the content of the regulation itself, which section

307(b)(1), 42 U.S.C. § 7607(b)(1), of the CAA dictates must be addressed by the United States

Court of Appeals for the District of Columbia Circuit.  Thus, this Court lacks jurisdiction to

adjudicate Plaintiffs' citizen suit.  Further, since the CAA citizen suit would provide a judicial

remedy for Plaintiffs if there were a deadline to enforce, review under the APA is precluded and

this Court also lacks jurisdiction over the APA claim.

## BACKGROUND

**A.    Statutory Background**

The purpose of the CAA is "to protect and enhance the quality of the Nation's air

resources so as to promote the public health and welfare and the productive capacity of its

population."  42 U.S.C. § 7401(b)(1).  To fulfill this purpose, Congress enacted Title II of the

CAA to provide national emission standards for mobile sources of air pollution.  42 U.S.C. §§

7521-90.  In 1990, Congress amended the CAA and added section 213, which authorizes EPA to

set emission standards for "nonroad engines and nonroad vehicles."  42 U.S.C. § 7547(a)(1).

Section 213 covers a broad and diverse collection of nonroad engines and equipment, including

marine engines.[2]

---

filed on December 26, 2007.

  [2]  "Marine engines" is a broad term that includes everything from very powerful engines to
the small engines used for auxiliary purposes (*e.g.* refrigeration units) onboard vessels, including
recreational vessels.  For purposes of establishing standards under section 213(a)(3), EPA
subdivided commercial marine diesel engines into three size-based groupings.  68 Fed. Reg.
9746, 9748 (Feb. 28, 2003).  Category 3 marine diesel engines are compression-ignition diesel

Sections 213(a)(1) and (2) require EPA to undertake a study of emissions from the entire collection of nonroad engines and vehicles and determine whether emissions of carbon monoxide ("CO"), oxides of nitrogen ("NOx"), and volatile organic compounds ("VOCs") from these sources are significant contributors to ozone or CO concentrations in areas that have failed to attain federally-established standards for ozone or CO concentrations in the ambient air.[3] 42 U.S.C. § 7547(a)(1) and (2). EPA was to complete the study by November 15, 1990, and make its determination within 12 months after completion of the study. Id. § 7547(a)(1) and (2).

Upon a determination by EPA that emissions from nonroad engines and vehicles are significant contributors to air pollution in areas that have failed to achieve NAAQS, section 213(a)(3) requires EPA to "promulgate (and from time to time revise) regulations containing standards applicable to emissions from those classes or categories of new nonroad engines and new nonroad vehicles. . . ." 42 U.S.C. § 7547(a)(3). The standards must "achieve the greatest degree of emission reduction achievable through the application of technology which [EPA] determines will be available," giving "appropriate consideration" to cost, noise, energy, and safety issues. 42 U.S.C. § 7547(a)(3). Section 213(b) provides that standards for these new nonroad engines and vehicles "shall take effect at the earliest possible date considering the lead time necessary to permit the development and application of the requisite technology, giving appropriate consideration to the cost of compliance within such period and energy and safety." 42 U.S.C. § 7547(b).

The CAA contains specific waivers of sovereign immunity for actions brought in the

---

engines with a specific engine displacement greater than or equal to 30 liters per cylinder installed on or intended to be installed on a marine vessel. 40 C.F.R. § 94.2; see 68 Fed. Reg. at 9748.

district courts and the courts of appeals, depending on the type of action being brought.  The

district courts have jurisdiction over citizen suits to compel EPA to perform nondiscretionary

acts or duties.  42 U.S.C. § 7604(a)(2); see Sierra Club v. Thomas, 828 F.2d 783, 787-92 (D.C.

Cir. 1987).  The D.C. Circuit has exclusive jurisdiction to review "nationally applicable

regulations promulgated, or final action taken, by the Administrator."  42 U.S.C. § 7607(b)(1).

**B.      Regulatory Background**

In November 1991, EPA completed the study required by section 213(a)(1) of the CAA,

the *Nonroad Engine and Vehicle Emission Study—Report*.[4]  In 1994, EPA made the

determination required by section 213(a)(2) of the CAA and found that nonroad engines and

vehicles "contribute significantly" to air pollution in problem areas throughout the country.  59

Fed. Reg. 31,306 (June 17, 1994); 59 Fed. Reg. 55,930 (Nov. 9, 1994).  Also in 1994, EPA

started the rulemaking process for emissions standards for categories of nonroad engines,

including marine diesel engines.  Id.  EPA's early rulemaking efforts are summarized in 68 Fed.

Reg. 9746 and Bluewater Network v. EPA, 372 F.3d 404, 407 (D.C. Cir. 2004).

**1.  The 2003 Final Rule**

On February 28, 2003, EPA promulgated a final rule adopting a "two-tier" approach for

setting emissions standards for Category 3 marine diesel engines.  68 Fed. Reg. 9746 (the "2003

Final Rule").  EPA's "Tier 1" standards are equivalent to the internationally negotiated NOx

emissions standards established by the International Marine Organization in Annex VI to the

International Convention on the Prevention of Pollution from Ships, as Modified by the Protocol

of 1978 Relating Thereto (MARPOL Annex VI).  The Tier 1 standards went into effect on

---

[3] These are known more formally as National Ambient Air Quality Standards ("NAAQS").

January 1, 2004.  Id. at 9748.  EPA also adopted regulations that set a schedule for a future

rulemaking to assess and adopt an appropriate second tier of standards.  EPA explained that more

stringent "Tier 2" standards were not adopted in the 2003 Final Rule because there were several

outstanding technical issues concerning the widespread commercial use of advanced control

technologies on Category 3 engines.  Tier 2 rulemaking was to be completed by April 27, 2007.

Id. at 9750.  For the Tier 2 rulemaking, EPA committed to "promulgate additional engine

controls that EPA determines are appropriate . . . and [to] consider application of these standards

to engines on foreign vessels that enter U.S. ports." Id. at 9762.

EPA also concluded that it could most appropriately maximize emission reductions from

Category 3 marine diesel engines by adopting a standard equivalent to the international standard

with an effective date in 2004 while deferring a final decision on a more stringent standard with

a longer-term effective date to a second rulemaking scheduled to be completed in 2007.  Id. at

9748.  EPA expected that important new information would be available for that rulemaking,

allowing the agency to better evaluate the emission reduction potential of advanced technologies

in combination with additional improvements to in-cylinder engine controls.  Id. at 9748-50.

Separately, EPA also recognized that this approach had the advantage of facilitating international

negotiations under the auspices of the IMO to further reduce the international consensus

standard.  Id. at 9748-50.

In addition, EPA considered whether to modify the definition of "new marine engine"

adopted in a prior rule, which limited the application of EPA's standards to engines on vessels

registered or "flagged" in the United States ("U.S.-flag  vessels").  Id. at 9759.  EPA had

---

[4]  U.S. Environmental Protection Agency, Office of Air and Radiation, EPA-21A-2001.

requested public comment on whether the Agency could and should modify this definition to include engines on vessels flagged by other nations ("foreign-flag vessels").  EPA concluded that final action on this issue should be deferred to the future rulemaking where application of standards to engines on vessels flagged by other nations would be more relevant to emission reductions sought.  Id.  In addition, foreign vessels are required to comply with the international consensus standards, which are equivalent to EPA's Tier 1, and therefore they are not advantaged by EPA deferring that determination.  Id.

In 2003, Bluewater Network sought review of the 2003 Rule in the United Sates Court of Appeals for the District of Columbia Circuit.  The D.C. Circuit upheld EPA's two-tiered approach as consistent with section 213(a) of the CAA.  Bluewater Network, 372 F.3d at 412.

**2.  Regulatory Extension of the 2007 Deadline to 2009**

The April 27, 2007 deadline for Tier 2 standards was codified in 40 C.F.R. § 94.8(a)(2)(ii), but has since been revised to December 17, 2009.  72 Fed. Reg. 68,518 (Dec. 5, 2007).  Much of the information required to consider new emission standards for Category 3 marine diesel engines became available later than originally anticipated.  Id.  This new information came from field experiences related to pilot programs to test new advanced emission control technologies, several recently published technical papers, and ongoing international negotiations under the auspices of the International Maritime Organization.  Id. at 68,520.  This information is necessary to develop a better understanding of the capabilities and constraints associated with selective catalytic converter reduction, the potential for seawater scrubbers to control PM emissions, and the possibility of relying on the use of distillate fuel as part of the overall approach to reducing emissions.  Id.  Thus, in April 2007 EPA promulgated a direct final

rule extending the Category 3 standards deadline to December 17, 2009.  72 Fed. Reg. 20,948

(Apr. 27, 2007).

Concurrently, EPA published a proposed rule to consider the adoption of the provisions

in the direct final rule.  72 Fed. Reg. 20,977 (April 27, 2007).  EPA received adverse comments

on the direct final rule issued in April and subsequently withdrew it.  72 Fed. Reg. 33,694 (June

19, 2007).  However, EPA considered the comments on the direct final rule to be comments on

the concurrently proposed rule, and after reviewing those comments and considering available

information, EPA concluded that it was appropriate to adopt a new regulatory deadline of

December 17, 2009.  72 Fed. Reg. at 68,519.  Consequently, EPA promulgated a rule extending

the regulatory deadline for setting more stringent standards for Category 3 marine diesel engines

to December 17, 2009 ("the December 2007 Final Rule").  72 Fed. Reg. at 68,518.  This rule

took effect on January 4, 2008.  Id.; 40 C.F.R. 94.8(a)(2)(ii).  Acknowledging that this revised

deadline is a delay from April 2007, EPA explained that the revised schedule would allow for a

thorough consideration of the issues and that the process for setting Category 3 emissions

standards would most appropriately be pursued in parallel with the ongoing international

negotiations.  72 Fed. Reg. at 68,522.

EPA is proceeding with the rulemaking process for the Tier 2 standards.  On December 7,

2007, EPA published an Advance Notice of Proposed Rulemaking to invite comments from

interested parties on its plan to propose new Category 3 emission standards.  72 Fed. Reg. 69,522

(Dec. 7, 2007).

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are

closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The

standard of review on a motion for judgment on the pleadings under Rule 12(c) is "essentially

the same" standard for a motion to dismiss under Rule 12(b)(6). See, e.g., Robinson v. District

of Columbia, 403 F. Supp. 2d 39, 46-47 (D.D.C. 2005). The Court must accept the factual

allegations of the complaints as true, and must give benefit to the non-moving party of all

inferences to be drawn from those allegations. See, e.g., Schuchart v. La Taberna Del

Alabardero, Inc., 365 F.3d 33, 34 (D.C. Cir. 2004); Sparrow v. United Air Lines, 216 F.3d 1111,

1113 (D.C. Cir. 2000). The Court need not, however, accept the non-moving party's legal

conclusions as true. See Fitts v. Fed. Nat'l Mortgage Ass'n, 44 F. Supp. 2d 317, 321 (D.D.C.

1999), aff'd 236 F.3d 1 (D.C. Cir. 2001). Further, "[t]he court is limited to considering the facts

alleged in the complaint, any documents attached to or incorporated in the complaint, matters of

which the court may take judicial notice, and matters of public record." Robinson, 403 F. Supp.

2d at 47. Dismissal is warranted if the plaintiff does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Pursuant to the Rule 12(c) standard, the Court may properly consider EPA's rule

extending the regulatory deadline for setting more stringent standards for Category 3 marine

diesel engines to December 17, 2009, 72 Fed. Reg. 68,518 (Dec. 5, 2007), and EPA's Advance

Notice of Proposed Rulemaking for new Category 3 emission standards, 72 Fed. Reg. 69,522

(Dec. 7, 2007), both which are matters of which the court may take judicial notice as well as

matters of public record.

Rule 12(b)(1) provides for dismissal of actions based upon lack of subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of demonstrating the Court's

subject matter jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994)

(citations omitted); <u>Sierra Club v. Leavitt</u>, 355 F. Supp. 2d 544, 546 (D.C. Cir. 2005).  To meet

their burden of demonstrating the Court's subject matter jurisdiction over claims against the

United States, plaintiffs must allege an applicable waiver of sovereign immunity.  <u>United States</u>

<u>v. Mitchell</u>, 463 U.S. 206, 212 (1983).  Waivers of sovereign immunity must be clearly and

unambiguously stated; any ambiguities in the text must be interpreted narrowly in favor of the

sovereign.  <u>DOE v. Ohio</u>, 503 U.S. 607, 615 (1992).  Accordingly, if there is any doubt about

whether the duties alleged of EPA are "not discretionary," those terms must be interpreted in

favor of the government's immunity.  <u>Id.</u>

### ARGUMENT

Plaintiffs assert that EPA has failed to carry out its statutory obligations under Section

213(a)(3) of the CAA by failing to promulgate emissions standards for Category 3 marine diesel

engines by April 27, 2007.  Plaintiffs offer two legal theories in support of this claim, both of

which should be dismissed by this Court.  Plaintiffs' first cause of action, brought under the

citizen suit provision of the CAA, fails to state a claim upon which relief can be granted because

EPA has already satisfied its statutory duty and because EPA has promulgated a final rule

extending the deadline for Category 3 emission standards and has not missed the new deadline.[5]

Further, this Court lacks jurisdiction over challenges to the current regulation, as it was

---

[5] Although plaintiffs South Coast Air Quality Management District and Santa Barbara
County Air Pollution Control District list three claims for relief in their complaints, the first two
claims arise under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2), and
seek to establish two alternate means (statutory and regulatory) of establishing a non-
discretionary duty.  EPA elects to respond to these claims under the CAA citizen suit as one
claim supported by two alternate theories, consistent with the manner in which these same

promulgated under the CAA and may only be challenged in the D.C. Circuit. This Court also

lacks jurisdiction over Plaintiffs' second cause of action, two claims under the APA, because the

CAA citizen suit provision provides a judicial remedy for Plaintiffs, precluding review under the

APA, and because Plaintiffs have failed to state a claim upon which relief can be granted.

I.      **Plaintiffs' Clean Air Act Citizen Suit Claim Fails to State a Claim Upon Which
        Relief Can Be Granted and This Court Lacks Jurisdiction Over Challenges to the
        Content of Clean Air Act Rules**

Plaintiffs allege that EPA's failure to promulgate regulations containing emissions

standards for Category 3 marine diesel engines by November 15, 1992 is a failure to carry out a

nondiscretionary duty under section 213(a)(3) of the CAA, and that in the alternative, EPA's

failure to promulgate such regulations by April 27, 2007 is a failure to carry out a

nondiscretionary duty under both section 213(a)(3) and 40 C.F.R. § 94.8(a)(2)(ii). Under either

theory, this claim should be dismissed for failure to state a claim upon which relief can be

granted.

With respect to Plaintffs' claim that EPA has failed to meet its nondiscretionary statutory

duty, EPA does not dispute that section 213(a)(3) of the CAA establishes a nondiscretionary duty

to promulgate emissions standards for Category 3 marine diesel engines. However, EPA has

satisfied that duty; EPA promulgated emission standards for these engines in its 2003 Final Rule

and the D.C. Circuit reviewed and upheld that rule as satisfying EPA's obligations under section

213(a)(3) of the CAA. <u>Bluewater Network</u>, 372 F.3d at 412. In the 2003 Final Rule, EPA

established Tier 1 standards consistent with the MARPOL Annex VI NOx standards and

explained its basis for not adopting more stringent standards at that time. 68 Fed. Reg. at 9748-

---

allegations are brought by plaintiff Friends of the Earth.

49.  Although EPA believed that the Tier 1 emission standards satisfied the obligation to issue

initial standards for Category 3 marine diesel engines meeting the requirements of 213(a)(3),

EPA committed to consider more stringent, or Tier 2, standards in a future rulemaking after it

had received and considered additional information on the advanced technologies being

considered.  68 Fed. Reg. at 9750.  EPA explained that the Tier 2 rule would be issued under

EPA's discretionary authority to "from time to time revise" the Tier 1 regulations, subject to the

same standard setting criteria.  Id.  On review of that rule, the D.C. Circuit considered EPA's

decision not to adopt more stringent standards at that time to be reasonable and consistent with

the requirement to issue an initial set of emissions standards under section 213(a)(3) of the CAA.

Bluewater Network, 372 F.3d at 411.  Any claim that EPA has not met its statutory

nondiscretionary duty under section 213(a)(3) was resolved on review of EPA's 2003 Final Rule,

and that decision stands.

Plaintiffs' allegation that the D.C. Circuit's ruling in Bluewater depended on the date-

certainty of the regulatory deadline of April 2007 (e.g., South Coast Complaint ¶18) erroneously

characterizes the court's holding and amounts to an attempt to seek review in this Court of that

2003 Final Rule and the Bluewater decision.  The Bluewater court held that EPA's decision not

to establish Tier 2 standards in the 2003 Final Rule in light of the technology issues EPA

identified in the 2003 Final Rule was a reasonable means of addressing EPA's statutory duty

under section 213(a)(3) to issue an initial set of emission standards for these engines.  Bluewater

Network, 372 F.3d at 412.

To the extent that Plaintiffs seek to address in the instant suit whether EPA has breached

its regulatory commitment to consider Tier 2 standards by the date set in the 2003 Final Rule,

that date has since been revised by EPA's December 2007 Final Rule and is no longer

applicable.  In the 2003 Final Rule, EPA exercised its discretionary authority to "from time to

time revise" the Tier 1 emission standards applicable to these engines by establishing a

regulatory commitment to consider Tier 2 standards in a future rulemaking.  68 Fed. Reg. 9746,

9750.  EPA set the date for the Tier 2 rulemaking as April 27, 2007, but in the December 2007

Final Rule, EPA revised 40 C.F.R. § 94.8(a)(2)(ii) to reflect a new deadline of December 17,

2009; EPA explained in that final rule that it needed the additional time to continue to collect and

evaluate critical information on the advanced technologies being considered.  72 Fed. Reg. at

68,519.  The fact that the new deadline has not passed is fatal to Plaintiffs' nondiscretionary duty

claims under the CAA's citizen suit provision.  EPA has not breached a regulatory duty because

now the duty is not due until December 17, 2009.[6]  Consequently, Plaintiffs have failed to state a

claim on which this court can grant relief.

    Further, to the extent Plaintiffs question EPA's authority to revise that regulatory

commitment, Plaintiffs are challenging the content of the December 2007 Final Rule, which is

reviewable only in the D.C. Circuit Court.  Plaintiffs must pursue their claim in the D.C. Circuit

because the regulation in question is a nationally applicable regulation promulgated under the

CAA.  See 42 U.S.C. § 7607(b)(1) (granting the D.C. Circuit exclusive jurisdiction to review

"nationally applicable regulations promulgated or final action taken by the Administrator").

Questions about whether the revised deadline continues to satisfy EPA's compliance with its

section 213(a)(3) statutory obligation upheld by the D.C. Circuit in Bluewater may only be

---

[6]  EPA does not concede that parties can bring a citizen suit under the CAA to enforce a
regulatory duty.  However, resolution of that issue is not necessary in the instant case because
there is no duty to enforce, given the currently effective December 17, 2009 deadline.

addressed by the D.C. Circuit, not this Court.

## II.    The APA Does Not Provide an Alternative Basis for Plaintiffs' Claims

As an initial matter, it is unclear how Plaintiffs can allege under the APA that EPA has simultaneously *withheld an action* (Plaintiffs' claim under 5 U.S.C. § 706(2)(A)) and *taken an action* that they request this Court to hold unlawful or set aside (claim under 5 U.S.C. § 706(1)) (emphasis added).  Review under § 706(2)(A) of the APA is only available for "final agency action."  See 5 U.S.C. § 704.  As required by 40 C.F.R. 94.8(a)(2)(ii) as revised by EPA's December 2007 Final Rule, EPA will promulgate regulations addressing emissions standards for Category 3 marine diesel engines by December 17, 2009.  EPA still has authority to act, and Plaintiffs can point to no definitive, final EPA decision that it will not meet this regulatory deadline.  The fact that these standards do not yet exist is not a "final agency action" and the Court therefore lacks jurisdiction over the § 706(2)(A) APA claim against EPA.  See Sierra Club v. Thomas, 828 F.2d at 793 (declining to find that agency inaction represented effectively final action where there was no allegation or other suggestion that failure to issue final rule to date reflected an acknowledged decision not to do so).

Moreover, Plaintiffs' claim under 5 U.S.C. § 706(2)(A) fails to state a claim on which this court can grant relief.  Section 706(2)(A) of the APA allows a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  If Plaintiffs are asserting that EPA has withheld action by issuing the December 2007 Final Rule to change the deadline for addressing more stringent emission standards applicable to Category 3 marine diesel engines, that claim is a challenge to the content of the December 2007 Final Rule.  The CAA itself

explicitly provides that judicial review under the APA is not available regarding the

promulgation or revision of any regulations pertaining to nonroad engines and vehicles.  See 42

U.S.C. § 7607(d)(1).[7]

In addition, even if this Court finds that Plaintiffs can bring simultaneous action and

inaction claims, Plaintiffs cannot rely on section 706(1) of the APA to circumvent the limitations

Congress imposed in the citizen suit provision of the CAA.  The APA applies only where there is

no other adequate judicial remedy.  5 U.S.C. § 704.  See Bowen v. Massachusetts, 487 U.S. 879,

903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate

existing procedures for review of agency action."); Middlesex County Sewerage Auth. v.

National Sea Clammers Ass'n, 453 U.S. 1, 20 (1981) (The comprehensive scheme of remedies

under the CWA citizens' suit provision displaces the remedies afforded by other federal

statutes.).  The citizen suit provision in the CAA provides citizens with the authority to bring a

civil action against the Administrator if there is an alleged failure of the Administrator to

perform a nondiscretionary duty.  42 U.S.C. § 7604(a)(2). Since failure to perform a

nondiscretionary duty is precisely what Plaintiffs allege in their APA claim brought under 5

U.S.C. § 706(1), the availability of the CAA citizen suit precludes their reliance on the APA.

### CONCLUSION

For the foregoing reasons, EPA respectfully requests that Plaintiffs' complaints be

dismissed with prejudice, and that judgment be entered in EPA's favor on the pleadings.

---

[7]  42 U.S.C. § 7607(d)(1) reads in relevant part: "The provisions of section 553 through 557 ands section 706 of Title 5 shall not . . . apply to actions to which this subsection applies." § 7607(d)(1)(V).  Among the actions to which "this subsection applies" is "the promulgation or revision of any regulation pertaining to nonroad engines or nonroad vehicles. . ." §7607(d)(1)(R).

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ CHRISTINA L. RICHMOND
Christina L. Richmond, Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3376

OF COUNSEL:
AMBER ARANDA
Office of General Counsel
United States Environmental Protection Agency

Dated: January 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing ("ECF") System of this Court, which will send notification of such filing to the following attorneys of record who have registered ECF email addresses with this Court: James S. Pew, Michael R. Sherwood, Sarah Burt, Khatereh S. Ghiladi, Barbara Baird, Kurt Rowland Wiese, Jonathan G. Axelrod, and Justin P. Keating.  I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael Ray Harris
South Coast Air Quality Management District
21865 Copley Drive
Diamond Bar, CA 91765
(909) 396-3460


/s/ CHRISTINA L. RICHMOND
Christina L. Richmond

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDS OF THE EARTH, *et al.*, | ) | 1:07-cv-01572 |
| | ) | |
| Plaintiffs, | ) | (consolidated with 1:07-cv-01744) |
| | ) | and 1:07-cv-02319) |
| v. | ) | |
| | ) | Judge Rosemary M. Collyer |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY and STEPHEN L. | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED ORDER**

Before the Court is EPA's Motion for Judgment on the Pleadings as to plaintiffs Friends

of the Earth and South Coast Air Quality Management District, and EPA's Motion to Dismiss as

to plaintiff Santa Barbara County Air Pollution Control District.  Having considered EPA's

Motion and all materials submitted in support of and in opposition thereto, the Court finds that

EPA's Motion for Judgement on the Pleadings and Motion to Dismiss should be, and hereby are,

GRANTED.

Judgment on the pleadings is hereby entered for EPA as to plaintiffs Friends of the Earth

and South Coast Air Quality Management District.

Santa Barbara County Air Pollution Control District's Complaint is hereby dismissed.

SO ORDERED.

_____
ROSEMARY M. COLLYER
United States District Judge

Dated: _____