## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, *et al.*, | ) Civ. No. 07-1572 |
| | ) (consolidated with 07-1744) |
| Plaintiffs, | ) (consolidated with 07-2319) |
| | ) |
| v. | ) Judge Rosemary M. Collyer |
| | ) |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### EPA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

Defendants United States Environmental Protection Agency and Stephen L. Johnson (collectively "EPA"), hereby respectfully submit this Reply Brief in Support of EPA's Motion for Judgment on the Pleadings and Motion to Dismiss.

### <u>INTRODUCTION</u>

The question before this Court is whether it has jurisdiction over this case. Plaintiffs Friends of the Earth, South Coast Air Quality Management District, and Santa Barbara County Air Pollution Control District (collectively "Plaintiffs")[1] have brought claims under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, but the plain terms of those statutes dictate that, at this time, jurisdiction to provide Plaintiffs a remedy for their perceived injuries lies exclusively in the United States Court of Appeals for the District

---

[1] Friends of the Earth filed its own brief. South Coast Air Quality Management District and Santa Barbara County Air Pollution Control District (collectively "Air Districts") jointly filed a brief. Where appropriate, the arguments advanced in the individual briefs are noted.

of Columbia Circuit, not this Court.

Plaintiffs seek to have this Court order EPA to perform an action that EPA is not yet legally required to perform. EPA has properly promulgated a regulation under the CAA revising the deadline for EPA to take the action that Plaintiffs seek this Court to order. That regulation is in force and the CAA dictates that review of any challenges to regulations promulgated under the CAA lies in the exclusive jurisdiction of the courts of appeals. See 42 U.S.C. § 7607(b). The APA is not available as an alternative basis for Plaintiffs' claims because the CAA provides an adequate remedy in a court.[2] Thus, this Court lacks jurisdiction and Plaintiffs' complaints should be dismissed.

## I.    EPA DOES NOT PRESENTLY HAVE A DUTY IT HAS FAILED TO PERFORM

Section 213(a)(3) of the Clean Air Act ("CAA"), 42 U.S.C. § 7547(a)(3), imposes a mandatory duty to promulgate initial emissions standards for nonroad Category 3 marine diesel engines by a date certain. It also authorizes EPA to "from time to time revise" those initial emission standards, but does not provide a date certain for that subsequent rulemaking. All of the emission standards are required to meet specified standard setting criteria. EPA fulfilled its nondiscretionary duty to promulgate initial emission standards by a date certain when it adopted Tier 1 emissions standards for these engines in its 2003 Final Rule. 68 Fed. Reg. 9746 (Feb. 28, 2003). In that same rule, EPA also exercised its discretionary authority to "from time to time revise" such initial emissions standards when it established a date certain for a subsequent Tier 2 rulemaking

---

[2] Not only is relief in a court available, Plaintiffs are indeed pursuing such relief in the D.C. Circuit. See South Coast Air Quality Mgmt. Dist. v. EPA, No. 08-1030 (D.C. Cir., filed Jan. 25, 2008); Friends of the Earth v. EPA, No. 08-1031 (D.C. Cir., filed Jan. 25, 2008); Santa Barbara County Air Pollution Control Dist. v. EPA, No. 08-1040 (D.C. Cir., filed Jan. 30, 2008).

to address more advanced technologies and stricter emissions standards.  Id. at 9750/2.

EPA stated in its Federal Register notice that it was meeting its nondiscretionary duty

through issuance of the Tier 1 emissions standards and that it was exercising its

discretionary authority by committing to a date certain for a subsequent Tier 2

rulemaking.  Id.  That position was briefed and upheld by the D.C. Circuit in Bluewater

Network v. EPA, 372 F.3d 404, 412 (D.C. Cir. 2004).  EPA again exercised its

discretionary authority after it failed to adopt the Tier 2 emissions standards by the date

certain originally specified in the 2003 Final Rule when it promulgated a December 2007

revision of the regulation, setting December 17, 2009 as the revised deadline for

promulgation of Tier 2 standards (this rule will be referred to hereinafter as "the

December 2007 Final Rule").  72 Fed. Reg. 68,518 (Dec. 5, 2007); 40 C.F.R.

§ 94.8(a)(2)(ii).  As EPA has not missed the currently effective December 17, 2009

deadline, there is no mandatory duty for this Court to enforce at this time, and thus no

basis for Plaintiffs' action.

> **A.**    **Plaintiffs' Arguments that EPA Has Breached its Mandatory Duty are Foreclosed by the D.C. Circuit's Holding to the Contrary in Bluewater**

In Bluewater Network v. EPA, 372 F.3d at 410, petitioner Bluewater Network

challenged the 2003 Final Rule, arguing *inter alia* that EPA failed to meet its

nondiscretionary duty to promulgate initial emissions standards when EPA promulgated

Tier 1 standards while deferring adoption of more advanced technologies and stricter

emissions standards.  The D.C. Circuit disagreed, finding that EPA's reading of the

statute and exercise of its authorities was reasonable and satisfied the requirements of

section 213(a)(3) of the CAA.  Id. at 411 and 412.

Plaintiffs argue that EPA "now" claims that the Tier 1 standards fully satisfied EPA's mandatory duty under section 213(a) of the CAA. Friends of the Earth Br. at 13, 14; Air Districts Br. at 20. However, EPA's position is not new. Upon publication of the 2003 Final Rule in the Federal Register, EPA explained:

> "the near-term Tier 1 emission standards in this final rule satisfy the criteria of Clean Air Act section 213(a) at this time. Section 213(a)(3) directs EPA to promulgate emissions standards and from time to time review and revise those standards. This final rule adopts near-term standards and puts EPA on a schedule to review, and if appropriate, revise those standards in accordance with the criteria in section 213(a)(3)."

68 Fed. Reg. at 9750/2. Regarding the Tier 2 schedule for future rulemaking, EPA stated that "[t]his future rulemaking will allow us to exercise the discretionary authority under Clean Air Act section 213(a)(3), which directs EPA to 'from time to time revise' regulations under that provision." Id. This interpretation of section 213(a) is the same position EPA took in its Brief before the D.C. Circuit in Bluewater. See Final Brief for Respondents at 29, Bluewater, 372 F.3d 404 (D.C. Cir. 2004) (No. 03-1120), 2003 WL 25589719 ("Congress recognized that establishing these standards should be an evolving process that accounts for ongoing technological progress and, by requiring EPA to revise these standards 'from time to time,' gave EPA discretion in determining *when* it was appropriate to make a final decision on standard setting.") (emphasis in original).

Taking into consideration the fact that EPA articulated in the Federal Register its understanding that it was satisfying its statutory duty under section 213(a)(3) while exercising its discretionary authority to set a date certain for a future rulemaking, and the D.C. Circuit's careful analysis and ultimate ratification of EPA's interpretation and implementation of its section 213(a) authorities in setting emissions standards for Category 3 marine diesel engines, this Court should have no doubt that EPA has satisfied

its mandatory duty under 213(a)(3) to issue initial emissions standards. This Court remains bound by the <u>Bluewater</u> decision.

Plaintiffs' arguments that *completion by April 2007* of the Tier 2 standards is key to EPA fulfilling its mandatory, date certain duty under section 213(a)(3), <u>see</u> Friends of the Earth Br. at 12-14; Air Districts Br. at 9, are unavailing. To the contrary, the D.C. Circuit upheld EPA's *approach* to setting emissions standards for Category 3 marine diesel engines – issue Tier 1 standards that satisfy the mandatory duty to adopt initial standards by a date certain, and issue Tier 2 standards in a later rulemaking under EPA's authority to revise "from time to time." The D.C. Circuit did not rely on EPA's specific schedule for the Tier 2 rulemaking in finding that EPA had fulfilled section 213(a)(3)'s mandate. <u>See</u> <u>Bluewater</u>, 372 F.3d at 412 ("Based on the record before us, we conclude that the EPA's two-tiered approach reasonably implements section 213(a)(3) of the CAA."). The D.C. Circuit based its evaluation of EPA's decision to adopt Tier 1 standards while deferring adoption of more advanced technologies, as it should have, on the multiple criteria in section 213(a)(3) for EPA to consider when promulgating emissions standards. <u>Id.</u> at 411. The D.C. Circuit both noted the absence of statutory guidance in section 213(a)(3) on how to balance those factors and upheld EPA's consideration of those factors as applied to this rulemaking. <u>See id.</u> (observing that section 213(a)(3) of the CAA intends for EPA "to consider many factors other than pure technological capability, such as costs, lead time, safety, noise and energy" yet the statute "does not resolve how the [EPA] should weigh all these factors in the process of finding the greatest emission reduction achievable") (internal quotations and citations omitted). The court specifically upheld EPA's decision to not adopt more stringent standards in the

Tier 1 rulemaking based both on EPA's concerns with the state of advanced technologies and on EPA's concerns with imposing adoption of more stringent standards without complete information and study.  See id. at 412 ("These considerations are hardly unreasonable …").

      Plaintiffs rely on a single sentence from Bluewater, 372 F.3d at 412, to support their argument that EPA has failed to perform a nondiscretionary duty because EPA has not yet completed the Tier 2 rulemaking.  Friends of the Earth Br. at 14; Air Districts Br. at 20-21.  However, that sentence – "Finally, and perhaps most importantly, the EPA has committed to incorporating the new technologies into stricter emissions in the 2007 rulemaking" – follows the court's upholding of EPA's balancing of the statutory factors in adopting the Tier 1 emission standards to fulfill EPA's mandatory duty to promulgate initial emissions standards for these engines.  See Bluewater, 372 F.3d at 412 (" … indeed, for this court to reject [these considerations] would defeat the purpose of the statute …").  Thus, EPA interprets that sentence as the D.C. Circuit's upholding of EPA's further decision to address more advanced technologies and stricter emissions standards in a future rulemaking under EPA's discretionary "from time to time" authority. Moreover, contrary to Plaintiffs' argument, that sentence contains nothing to indicate that the D.C. Circuit attached particular importance on the date of that future rulemaking.

      Ultimately, the D.C. Circuit concluded that "EPA is to arrive at standards that reduce emissions to the greatest degree possible after considering the spectrum of available technologies and the costs and benefits associated with those technologies." Bluewater, 372 F.3d at 411 (citing Husqvarna AB v. EPA, 254 F.3d 195, 201 (D.C. Cir. 2001)).  Indeed, the court recognized that EPA properly did so with the Tier 1 standards,

which were focused on what could be achieved in the near-term.  The court also

concluded that EPA appropriately considered technology, cost, and other relevant factors

in deciding, in the exercise of its section 213(a)(3) discretion, that it needed more time to

promulgate more stringent Tier 2 emissions standards.  See id. at 411-12; 72 Fed. Reg.

68,518 (Dec. 5, 2007).  On a similar note, and in further contradiction of Plaintiffs'

assertions, EPA's characterization of the Tier 1 standards as "interim" does not mean

they do not satisfy EPA's duty under section 213(a)(3), because section 213(a)(3) lists as

a criterion for standards that they be achievable in the shortest timeframe possible.  See

Bluewater, 372 F.3d at 412.

In sum, Plaintiffs' arguments about whether EPA has satisfied its mandatory duty

under 213(a)(3) have been wholly foreclosed by the D.C. Circuit's ruling in Bluewater.

**B.**    **EPA Has Discretionary Authority to Revise the Regulations it Promulgates under Section 213(a)(3) of the CAA**

Section 213(a)(3) of the CAA grants to EPA the authority to promulgate and

revise regulations pertaining to nonroad engines and nonroad vehicles.  See 42 U.S.C.

§ 7547(a)(3) (EPA shall "promulgate (and from time to time revise) regulations

containing standards applicable to emissions from those classes or categories of new

nonroad engines and new nonroad vehicles").  The language "from time to time revise"

makes clear that the statute creates no nondiscretionary duty as to revision of these

regulations; i.e., Congress has left to EPA's discretion when to revise the regulations.

See NRDC v. Thomas, 885 F.2d 1067, 1075 (2d Cir. 1989) (CAA provision requiring

revisions of list of air pollutants from "time to time" does not impose a nondiscretionary

duty); Oljato Chapter of the Navajo Tribe v. Train, 515 F.2d 654, 662 (D.C. Cir. 1975)

(CAA provision imposing a duty on EPA to revise certain standards from "time to time" does not impose a nondiscretionary duty).

Pursuant to that discretionary authority, EPA revised the regulation setting a deadline for the Tier 2 rulemaking schedule to reflect a new deadline of December 17, 2009.  72 Fed. Reg. at 68,518; 40 C.F.R. § 94.8(a)(2)(ii).  EPA properly promulgated the original regulation under its CAA discretionary authority and properly revised the regulation under that authority through notice and comment rulemaking.  See 72 Fed. Reg. 20,948 (Apr. 27, 2007) (publication of direct final rule extending Tier 2 deadline to December 2009); 72 Fed. Reg. 20,977 (Apr. 27, 2007) (publication of proposed rule to consider adoption of provisions in direct final rule); 72 Fed. Reg. 33,694 (June 19, 2007) (withdrawal of direct final rule); 72 Fed. Reg. at 68,519 (publication of final rule extending deadline to December 2009); see also EPA's Motion to Dismiss at 7-9. Moreover, the basis for EPA's adoption of a new deadline is consistent with the need for further information and analyses to balance the relevant statutory factors for setting further emissions standards.  See 72 Fed. Reg. at 68,519-21.  If Plaintiffs disagree with EPA's decision to revise the regulation, the revised date, or the process EPA utilized to promulgate the revised regulation, they must lay those complaints before the D.C. Circuit.  This Court lacks jurisdiction to adjudicate those issues.  42 U.S.C. § 7607(b); id. at § 7607(d)(1)(R); id. at § 7607(d)(7) and (8).

Plaintiffs assert that a deadline an agency creates for itself in a regulation is independently enforceable under the citizen suit provision of the CAA, section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that Sierra Club v. Leavitt, 355 F. Supp. 2d 544, 555 (D.D.C. 2005), establishes that a regulation can create a mandatory duty.  However, as described

in Part II *infra* and in EPA's Motion for Judgment on the Pleadings and Motion to Dismiss at 11-13, the regulation now in effect establishes a deadline that has not yet passed for EPA action. Further, <u>Leavitt</u> does not control and is distinguishable from the instant action.[3] In <u>Leavitt</u>, EPA missed a deadline it established for itself in a regulation, and took no steps to revise that regulation. Here, EPA missed a deadline that it set for itself in a regulation, but subsequently revised the regulation to establish a new deadline. Plaintiffs cannot disregard the fact that the only regulatory deadline now in effect is the December 17, 2009 deadline.

II.     **PLAINTIFFS' ACTION IS IN EFFECT A CHALLENGE TO THE RULE SETTING A NEW DEADLINE, AND THUS REVIEW MUST BE IN THE COURT OF APPEALS, NOT THIS COURT**

A request for this Court to enforce the previous deadline for Tier 2 emissions standards implicitly assumes the new regulation is invalid. Thus, Plaintiffs' request that this Court order EPA to promulgate Tier 2 emissions standards immediately is unavoidably a challenge to the regulation now in effect, which sets a schedule for promulgating a Tier 2 rule, and this Court lacks jurisdiction over such challenges pursuant to section 307(b)(1) of the CAA, 42 U.S.C. § 7607(b)(1).

Review under section 307(b) of the CAA is available exclusively in the D.C. Circuit for certain enumerated actions as well as "any other nationally applicable regulations promulgated, or final action taken, by [EPA] under this chapter." 42 U.S.C. § 7607(b)(1); <u>see also</u> <u>Harrison v. PPG Indus., Inc.</u>, 446 U.S. 578, 584-85 (1980); <u>Missouri v. United States</u>, 109 F.3d 440, 441 (8th Cir. 1997); <u>Virginia v. United States</u>,

---

[3] For purposes of this motion, EPA does not contest the legal validity of the <u>Sierra Club v. Leavitt</u> holding, as that issue is not necessary to resolve the instant case, in which the regulation currently in force establishes no duty now overdue.

74 F.3d 517, 522-26 (4th Cir. 1996).  It is indisputable that the regulation in force setting

the schedule for Tier 2 standards arises under the CAA, and thus, any challenges to it or

its promulgation are subject to exclusive review in the appropriate court of appeals

pursuant to section 307(b)(1).  Where a statute vests jurisdiction in a particular court,

such exclusive jurisdiction precludes the exercise of original jurisdiction in other courts

in all cases covered by that statute.  Telecomm. Research & Action Ctr. v. FCC, 750 F.2d

70, 77 (D.C. Cir. 1984) ("TRAC").  Further, section 307(e) of the CAA explicitly

provides that "[n]othing in [the CAA] shall be construed to authorize judicial review of

regulations or orders of the Administrator under [the CAA] except as provided in [section

307]."  42 U.S.C. § 7607(e).  Accordingly, once the applicability of section 307(b)(1) is

established, the jurisdiction of the courts of appeals is exclusive, and there is no district

court jurisdiction.  See Monongahela Power Co. v. Reilly, 980 F.2d 272, 275 (4th Cir.

1992); Greater Detroit Res. Recovery Auth. v. EPA, 916 F.2d 317, 321-23 (6th Cir.

1990); Oljato Chapter of the Navajo Tribe v. Train, 515 F.2d at 660-61 & n.7; Center for

Auto Safety v. EPA, 558 F. Supp. 103, 104 (D.D.C. 1983).  Because CAA section

307(b)(1) precludes district court review, the limitations of section 307(b)(1) dictate that

this Court find it lacks jurisdiction over Plaintiffs' claims.

Friends of the Earth argues that section 307(b)(1) does not apply to their claim

because they are asking this Court to order EPA to perform a nondiscretionary duty

unlawfully withheld, rather than challenging the revised regulation.  Friends of the Earth

Br. at 15-16, 18.  However, Plaintiffs cannot avoid the strictures of the CAA's

comprehensive jurisdictional scheme and section 307(b)(1).  In Izaak Walton League of

America v. Johnson, 400 F. Supp. 2d 38 (D.D.C. 2005), the plaintiffs brought a citizen

suit under section 304(1) of the CAA, seeking to compel EPA to perform an alleged nondiscretionary duty to promulgate certain emissions standards, but after the plaintiffs had filed their suit, EPA delisted the source category for which the plaintiffs sought emissions standards. The court dismissed the action as moot, finding that to grant the plaintiffs the relief they sought, the court would have to invalidate EPA's action delisting the source category. Id. at 42.[4] The court noted that the strict jurisdictional scheme of the CAA dictated that district courts "may not review 'regulations or orders' and 'final actions' taken by the EPA, *and, by consequence, may not invalidate a 'regulation or order' or other 'final action' of the EPA*." Id. at 41 (emphasis added).

Another instructive case is NRDC v. Reilly, 788 F. Supp. 268 (E.D. Va. 1992), in which a nondiscretionary duty CAA citizen suit brought in the district court was dismissed for lack of jurisdiction, with the court basing its rationale in part on the fact that the relief the plaintiffs sought would require the court to reverse an EPA final action, which a district court cannot do under the CAA's jurisdictional scheme. Id. at 274. In Reilly, the plaintiffs interpreted a section of the CAA as establishing a nondiscretionary duty for EPA to promulgate standards requiring new vehicles to be equipped with onboard refueling vapor ("ORVR") systems. Id. at 271. EPA believed it retained discretion to determine the desirability of such standards and issued a final agency action that ORVR systems should not be required. Id. The plaintiffs characterized their claim as a challenge to EPA's failure to take an action, while EPA argued it was a challenge to final agency action, thus invoking section 307(b)(1)'s requirement that jurisdiction rested

---

[4] EPA delisted the source category by issuing a final rule. The court's analysis is unchanged whether the delisting was considered a "final agency action" or an "order" or a "regulation" because all trigger appellate jurisdiction under section 307 of the CAA.

solely in the D.C. Circuit.  Id. at 274.  The court agreed with EPA, observing that if it

were to find that EPA "failed to perform a nondiscretionary function by not promulgating

standards requiring ORVR systems, it would necessarily be finding that [EPA's] final

action violated the CAA and must be reversed" and district courts are not permitted to

provide such relief under section 307 of the CAA.  Id. at 273-74.

Here, Plaintiffs are indisputably challenging the revised regulation because they

are asking this Court to order EPA to take an action that EPA is not required to perform

yet under the currently effective regulation.  Plaintiffs cannot ignore the fact that there is

an existing regulation governing the duty they are seeking this Court to order.

The Air Districts erroneously argue that the December 2007 Final Rule was not a

"final action," thus disqualifying it from appellate jurisdiction under section 307(b)(1) of

the CAA.  Air Districts Br. at 16-20.  Review under section 307(b) of the CAA is

available exclusively in the D.C. Circuit for certain enumerated actions as well as "any

other nationally applicable regulations promulgated, or final action taken, by [EPA]

under this chapter."  42 U.S.C. § 7607(b)(1).  The deadline revision adopted by EPA in

the December 2007 Final Rule was a final action taken, but further elaboration on that

point is unnecessary because it is without doubt a nationally applicable regulation and

was promulgated under the CAA, thus satisfying two of the triggers for review in the

court of appeals, when only one is necessary because of the disjunctive "or" in section

307(b).  Whether it satisfies any "final action" tests the Air Districts suggest this Court

consider is thus irrelevant because by the plain language of section 307(b)(1), the revised

rule, as a nationally applicable CAA regulation, must be reviewed in the D.C. Circuit.[5] To the extent that Plaintiffs do not agree with the new timeline for rulemaking, they are challenging the content of the regulation itself, and must seek relief in the D.C. Circuit.

Plaintiffs point to the December 2007 Final Rule as demonstrating that EPA has not taken any action to consider application of emission standards to foreign-flagged vessels. See Friends of the Earth Br. at 16; Air Districts Br. at 22-23. However, just like the deferment of the Tier 2 rulemaking, EPA's postponement of a decision on its jurisdiction over foreign vessels is within the agency's 213(a)(3) discretionary authority.

Further, this Court lacks jurisdiction over Plaintiffs' demand that the Tier 2 regulations encompass foreign-flagged vessels. In their prayers for relief, Plaintiffs request the Court to order EPA to incorporate advanced technologies and stricter emissions standards, including the regulation of engines on foreign-flagged vessels, into the Tier 2 regulations for Category 3 engines. Such a request is beyond the power of this Court. Neither section 706(1) of the APA nor section 304(a) of the CAA authorize a district court to specify the substance of a nondiscretionary action where one exists; rather, those sections authorize a district court to order the action. See 5 U.S.C. § 706(1); 42 U.S.C. § 7604(a); see also Sierra Club v. Browner, 130 F. Supp. 2d 78, 90 (D.D.C. 2001) ("The CAA does not allow district courts to address the content of EPA's conduct, issue substantive determinations of its own, or grant other forms of declaratory relief."). EPA has deferred to the Tier 2 rulemaking the question of whether its authority under section 213(a)(3) extends to engines aboard foreign vessels calling in the United States.

---

[5] The Air Districts develop this "final action" argument by relying extensively on a separate opinion that was vacated after the case was decided and offers little persuasive value. See NRDC v. Administrator, 902 F.2d 962 (D.C. Cir. 1990), *vacated in part and dismissed in part by* 921 F.2d 326 (D.C. Cir. 1991).

If Plaintiffs disagree with the content of the final rule when issued in 2009, they may challenge it in the D.C. Circuit under 42 U.C.S. § 7607(b).

The Air Districts also argue that EPA may not delay a regulation to negotiate international treaties. Air Districts Br. at 24. This also is a challenge to the content and rationale of the December 2007 Final Rule and is not appropriately before this Court. The case the Air Districts cite, Massachusetts v. EPA, 127 S. Ct. 1438 (2007), underscores that point because it originated as a petition for review of an EPA order and was properly brought under section 307(b) of the CAA in the D.C. Circuit. Id. at 1451. The Supreme Court noted that "[t]he parties' dispute turns on the proper construction of a congressional statute, a question eminently suitable to resolution in federal court" and authorized by Congress in section 307(b)(1) of the CAA. Id. at 1453. If the Air Districts wish to pursue these arguments, they must raise them in the D.C. Circuit, as section 307(b) of the CAA dictates.

Finally, EPA notes that Plaintiffs' unreasonable delay claims under the CAA are barred. Friends of the Earth asserts that EPA's extension of the Tier 2 deadline from April 27, 2007 to December 19, 2007 is an unreasonable delay, over which this Court has jurisdiction under the CAA citizen suit provision. Friends of the Earth Br. at 14; see 42 U.S.C. § 7604(a) (granting district courts jurisdiction "to compel agency action unreasonably delayed"). Section 304(a) of the CAA requires that Plaintiffs provide 180 days notice prior to bringing suit for unreasonable delay under the CAA. See 42 U.S.C. § 7604(a) and (b) (granting the district courts jurisdiction to compel agency action unreasonably delayed; requiring 180 days notice). Plaintiffs did not provide EPA with 180 days notice of their intent to bring a claim of unreasonable delay prior to filing the

instant suit.  Indeed, none of the Plaintiffs here included an unreasonable delay claim in their Complaints.

The Supreme Court has established that a statutory requirement that a plaintiff provide notice of intent to sue before filing its complaint must be read literally as imposing a "mandatory, not optional, condition precedent for suit."  <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 26 (1989).  The Court expressly concluded that the district courts have no discretion with respect to notice requirements, but must apply them literally.  Where a party fails to meet the notice requirements, "the district court must dismiss the action as barred by the terms of the statute."  <u>Id.</u> at 33.  Nor may parties circumvent the notice requirement by resorting to the APA.  <u>See, e.g.</u>, <u>Brem-Air Disposal v. Cohen</u>, 156 F.3d 1002, 1004-05 (9th Cir. 1998) (affirming lack of jurisdiction over a claim brought under the APA because the plaintiffs could have brought their claim under the citizen suit provision of the applicable statute – constituting an "adequate remedy" and precluding  review under the APA – and further observing that when plaintiffs could otherwise proceed under a citizen suit provision, they should not be allowed to bypass notice requirements by resorting to the APA) (internal citations omitted).

In any event, even if Plaintiffs could overcome the notice defect in the instant case, this argument founders because the action Plaintiffs seek to compel is discretionary rather than mandatory.  <u>See</u> *supra*, Part I.  This Court lacks jurisdiction over any unreasonable delay claims raised by Plaintiffs absent proper notice of intent to sue.

## III.    THE APA DOES NOT PROVIDE AN ALTERNATIVE CAUSE OF ACTION FOR PLAINTIFFS

As an alternative to their CAA nondiscretionary duty citizen suit claims, Plaintiffs attempt to rely on the APA.[6] Review under the APA is unavailable, however, to the extent other statutes preclude or limit judicial review or otherwise specify the forum for judicial review. 5 U.S.C. §§ 701(a)(1), 702, 703, 704; TRAC, 750 F.2d at 78. Plaintiffs' claims regarding the substance of the December 2007 Final Rule and EPA's authority to promulgate it fall within the scope of section 307(b)(1) of the CAA, which limits review to the D.C. Circuit. Therefore, this Court lacks jurisdiction.

Plaintiffs assert that the APA provides an alternative basis for their claims in the event that this Court determines that they cannot sue at this time under the citizen suit provision of the CAA. Friends of the Earth Br. at 17-18; Air Districts Br. at 24-28. However, this is not the standard for availability of the APA. Rather, it is whether an "adequate remedy in a court" is available, not specifically a citizen suit or the type of suit plaintiffs think they have brought. The cases Plaintiffs cite are unavailing. As Plaintiffs point out, while the Supreme Court in Bowen v. Massachusetts, 487 U.S. 879, 903 (1988), observed that in enacting section 704 of the APA, Congress intended to provide "a broad spectrum of judicial review of agency action," the Court also recognized that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action. . . [ ] It did not intend that general grant of

---

[6] Although Plaintiffs may have raised claims in their Complaints under 5 U.S.C. § 706(2)(A) of the APA (in which a reviewing court will "hold unlawful and set aside agency action, findings, and conclusions found to be [ ] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"), Plaintiffs do not appear to advance any such claim. Friends of the Earth initially submitted a prayer for relief under section 706(2) of the APA, see Friends of the Earth Complaint at 11, but does not mention section 706(2) in its Opposition Brief. The Air Districts explicitly state that they are not bringing an action under section 706(2). Air Districts Br. at 28. EPA assumes that any section 706(2)(A) claims that may have been raised by any of the three plaintiffs have since been dropped.

jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies."

Thus, in Conservation Law Foundation v. Busey, 79 F.3d 1250, 1260-62 (1st Cir. 1996), the First Circuit determined that judicial review was available under the APA for an action that was covered neither by the CAA's citizen suit provision *nor by* the CAA's appellate jurisdiction under section 307(b), 42 U.S.C. § 7607(b) (emphasis added). In Conservation Law Foundation, the First Circuit analyzed the interplay between the citizen provisions of the CAA and the APA by first addressing whether jurisdiction existed under the CAA citizen suit provision; if so, then jurisdiction under the APA would be precluded. Id. at 1257. The court found that the violation alleged by the plaintiffs did not fall into the categories of violations for which citizen suits were authorized, and thus the district court lacked jurisdiction to consider the plaintiffs' allegations under the CAA citizen suit provision. Id. at 1258-60. The court subsequently considered whether CAA section 307(b), 42 U.S.C. § 7607(b), barred district court jurisdiction over the APA claim, and found that section 307(b)'s purview did not include the actions the plaintiffs were challenging. Id. at 1261-62. Since section 307(b) did not apply, it did not preclude district court jurisdiction under the APA. Id. In the instant case, judicial review is available and is exclusive under section 307(b) of the CAA, thus barring district court jurisdiction over Plaintiffs' APA claims and distinguishing the instant case from Conservation Law Foundation.

Neither does Biodiversity Legal Foundation v. Norton, 285 F. Supp. 2d 1 (D.D.C. 2003), support Plaintiffs' argument. The plaintiffs in Biodiversity brought suit under the Endangered Species Act ("ESA") citizen suit and the APA, but this Court noted that the

statutes provided "access to the courts for different purposes," namely to enforce a *nondiscretionary* duty under the ESA citizen suit provision, and to enforce a *discretionary* "general duty of timeliness" as a claim for unreasonable delay under the APA.  Id. at 7-8 (emphasis added).  Here, Plaintiffs are bringing their CAA citizen suit and APA actions for a single purpose: to compel agency action that Plaintiffs allege is nondiscretionary and has been withheld.  Moreover, unlike the ESA, the CAA explicitly provides in section 304(a) for claims for unreasonable delay, thus precluding Plaintiffs from asserting such claims under the APA.

Plaintiffs are correct that nondiscretionary duty actions are properly brought in district court; the facts of their case – not the availability of the action – are what have deprived this Court of jurisdiction.  Plaintiffs cannot bypass section 307(d)(1)(R) of the CAA or the preclusion of judicial review under the APA by characterizing their claims as a challenge to EPA's failure to act rather than a challenge to the review or revision of a regulation.  The reality is that there is currently a federal regulation that does not require EPA to promulgate the Tier 2 standards until December 17, 2009, that Plaintiffs' efforts to enforce the previously effective regulatory deadline rest implicitly on the assumption that the revised regulation is invalid, and any challenge to that regulation lies in the D.C. Circuit.

The Air Districts argue that section 702 of the APA provides the basis for their assertion that Congress waived the United States' sovereign immunity in any action brought against a federal agency seeking relief other than money damages.  Air Districts Br. at 13-14.  However, section 702 qualifies that right of review by stating that "*[n]othing herein* (1) affects other limitations on judicial review or the power or duty of

the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) *confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought*." 5 U.S.C. § 702 (emphasis added).

Moreover, the question of whether section 702 of the APA waives the United States' sovereign immunity is immaterial because the APA does not provide Plaintiffs with a cause of action. Section 704 of the APA is the portion of the APA that provides a cause of action, and by its plain language it precludes plaintiffs from relying on the APA for judicial review. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review") (emphasis added); see also Sierra Club v. U.S. Dep't of Interior, 384 F. Supp. 2d 1, 30 (D.D.C. 2004) (finding separate APA review not available because the Freedom of Information Act provided an adequate remedy for plaintiffs' claims). Section 704 expressly "excludes from the APA's sovereign immunity waiver those claims for which adequate remedies are available elsewhere." Consol. Edison Co. v. U.S. Dep't of Energy, 247 F.3d 1378, 1383 (Fed. Cir. 2001) (citing 5 U.S.C. § 704).

That a federal statute may waive sovereign immunity does not mean that the same statute provides a cause of action. The two concepts – a waiver of immunity and the existence of a cause of action – are "analytically distinct." FDIC v. Meyer, 510 U.S. 471, 484 (1994) (quoting United States v. Mitchell, 463 U.S. 206, 218 (1983)). Thus, even where a waiver exists, Plaintiffs must still identify "the source of substantive law . . . [that] provides an avenue for relief." Id.; see also Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Housing & Urban Dev., 175 F.3d 132, 139 (2d Cir. 1999) ("In any suit in

which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity."); Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (addressing sovereign immunity after determining that federal question jurisdiction existed); Molton, Allen & Williams, Inc. v. Harris, 436 F. Supp. 853, 857 (D.D.C. 1977) (waiver of sovereign immunity is not an element of "substantive right and remedy" and cannot serve as a basis for federal question jurisdiction). See also 13 B Charles A. Wright et al., Federal Practice and Procedure § 3562 (1984). The cases the Air Districts cite in support of their pursuit of a claim under the APA agree with the above-referenced case law and guidance – in order to state a claim upon which relief may be granted, the plaintiff must have a cause of action. Here, Plaintiffs lack the cause of action that section 704 of the APA would supply.

## CONCLUSION

For the foregoing reasons, EPA respectfully requests that Plaintiffs' complaints be dismissed with prejudice, and that judgment be entered in EPA's favor on the pleadings.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
Division

/s/ CHRISTINA L. RICHMOND
Christina L. Richmond, Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3376

OF COUNSEL:
AMBER ARANDA

Office of General Counsel
United States Environmental Protection Agency

Dated: March 19, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing ("ECF") System of this Court, which will send notification of such filing to the following attorneys of record who have registered ECF email addresses with this Court: James S. Pew, Michael R. Sherwood, Sarah Burt, Khatereh S. Ghiladi, Barbara Baird, Kurt Rowland Wiese, Jonathan G. Axelrod, and Justin P. Keating.  I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael Ray Harris
South Coast Air Quality Management District
21865 Copley Drive
Diamond Bar, CA 91765
(909) 396-3460


/s/ CHRISTINA L. RICHMOND
Christina L. Richmond