UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FRIENDS OF THE EARTH**, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 07-1572 (RMC) (consolidated with 07-1744) (consolidated with 07-2319) |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**, *et al.*, | | |
| Defendants. | | |

## ORDER

Plaintiffs Friends of the Earth, Santa Barbara County Air Pollution Control District, and South Coast Air Quality Management District bring this case under the citizen suit provision of the Clean Air Act ("CAA"), section 304(a)(2), 42 U.S.C. § 7604(a)(2).[1]  Plaintiffs seek to compel the Administrator of the Environmental Protection Agency ("EPA") to issue without delay a final rule regulating pollution from Category 3 marine vessel diesel engines.  The EPA moves to dismiss and for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) & 12(c).  *See* Dkt. # 19.

The CAA contains specific waivers of sovereign immunity for actions brought in the district courts and courts of appeals, depending on the type of action being brought.  The district courts have jurisdiction over citizen suits to compel the EPA to perform nondiscretionary acts or duties. 42 U.S.C. § 7604(a)(2); *Sierra Club v. Thomas*, 828 F.2d 783, 787-92 (D.C. Cir. 1987).  The D.C. Circuit has exclusive jurisdiction to review "nationally applicable regulations promulgated, or

---

[1] The Court granted a Motion to Consolidate the Plaintiffs' separate cases on January 4, 2008.  *See* Dkt. # 18.

final action taken, by the Administrator." 42 U.S.C. § 7607(b)(1).

In February 2003, the EPA promulgated a final rule adopting a "two-tier" approach for setting emissions standards for Category 3 diesel engines. 68 Fed. Reg. 9746 (the "2003 Final Rule"). Tier 1 rulemaking was completed on January 1, 2004, and Tier 2 rulemaking was to be completed by April 27, 2007. For the Tier 2 rulemaking, EPA committed to "promulgate additional engine controls that EPA determines are appropriate . . . and [to] consider application of these standards to engines on foreign vessels that enter U.S. ports." *Id*. at 9762. The April 27, 2007 deadline for Tier 2 standards was codified in 40 C.F.R. § 94.8(a)(2)(ii), but the deadline has since been revised to December 17, 2009. *See* 72 Fed. Reg. 68,518 (Dec. 5, 2007).

Plaintiffs allege that the EPA's failure to promulgate regulations containing emissions standards for Category 3 marine diesel engines by April 27, 2007 is a failure to carry out a nondiscretionary duty under section 213(a)(3) of the CAA and the Administrative Procedures Act. EPA claims that it has not breached a regulatory duty because its duty is not due until December 17, 2009.

> To the extent that Plaintiffs seek to address in the instant suit whether EPA has breached its regulatory commitment to consider Tier 2 standards by the date set in the 2003 Final Rule, that date has since been revised by EPA's December 2007 Final Rule and is no longer applicable. . . . The fact that the new deadline has not passed is fatal to Plaintiffs' nondiscretionary duty claims under the CAA's citizen suit provision. EPA has not breached a regulatory duty because now the duty is not due until December 17, 2009.

Def.'s Mot. for J. on the Pleadings and to Dismiss at 13. "Further, to the extent Plaintiffs question EPA's authority to revise that regulatory commitment, Plaintiffs are challenging the content of the December 2007 Final Rule, which is reviewable only in the D.C. Circuit. Plaintiffs must pursue

their claim in the D.C. Circuit because the regulation in question is a nationally applicable regulation promulgated under the CAA." *See id*.

Plaintiffs, in the event that Defendants' jurisdictional argument is correct, have filed a parallel cause of action in the Court of Appeals and have sought expedited review. *See S. Coast Air Quality Mgmt. v. Envtl. Prot. Agency*, No. 08-1030 (D.C. Cir. filed Jan. 25, 2008). Briefing has been completed in the appellate matter and oral argument is set for October 17, 2008. *See* June 20, 2008 Order. The Court of Appeals directed the parties to address in their briefs "whether the EPA's December 5, 2007 rule is final." *See* Mar. 17, 2008 Order.

Whatever conclusion this Court draws regarding subject matter jurisdiction is ultimately reviewable by the Court of Appeals. If the Court of Appeals determines that it has jurisdiction over the matter presently before it in Appellate Action No. 08-1030, this case will be moot or subject to dismissal for lack of jurisdiction. In the interest of administrative efficiency, the Court will defer ruling on the EPA's Motion for Judgment on the Pleadings and to Dismiss [Dkt. # 19] until the Court of Appeals has resolved Appellate Action No. 08-1030. Accordingly, it is hereby

**ORDERED** that this case is **STAYED** pending the Court of Appeals' decision in Appellate Action No. 08-1030.

**SO ORDERED**.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: July 30, 2008